OPINION
{¶ 1} Defendant-appellant, Brian Nipper, appeals from his conviction and sentence in the Butler County Common Pleas Court for felonious assault.
 {¶ 2} On June 27, 2001, Nipper was charged with one count of felonious assault, pursuant to R.C. 2903.11(A)(1); one count of felonious assault with a deadly weapon, to wit: a baseball bat, pursuant to R.C.2903.11(A)(2); and one count of kidnapping, pursuant to R.C. 2905.01(A)(3). The charges stemmed from allegations that Nipper held captive for more than two hours his common-law wife, Tammy Nipper, and during that time, repeatedly hit and kicked her, causing her serious physical harm. A jury trial was held on the charges on April 15-17, 2002. Nipper was convicted of the felonious assault charge in Count One, but acquitted of the remaining charges. Nipper moved for a new trial on the basis that the trial court erred in failing to instruct the jury sua sponte on the lesser included offense of assault. The trial court denied the motion for a new trial and sentenced Nipper to an eight-year prison term.
 {¶ 3} Nipper appeals from his conviction and sentence, raising six assignments of error.
Assignment of Error No. 1:
 {¶ 4} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT IN OVERRULING APPELLANT'S MOTION TO DISMISS THE FELONIOUS ASSAULT PURSUANT TO CR. R. 29 AND IN ENTERING A VERDICT OF GUILTY TO FELONIOUS ASSAULT WHEN THE EVIDENCE WAS INSUFFICIENT TO SUPPORT A CONVICTION."
 {¶ 5} Nipper argues that the state presented insufficient evidence to convict him of felonious assault under R.C. 2903.11(A)(1), and, therefore, the trial court erred by overruling his Crim.R. 29 motion for acquittal made at the close of the state's case. In particular, Nipper asserts that the state failed to establish that he caused Tammy serious physical harm because she refused to seek medical treatment for her injuries. We find Nipper's argument unpersuasive.
 {¶ 6} "Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Bridgeman
(1978), 55 Ohio St.2d 261, syllabus. When reviewing a trial court's denial of a Crim.R. 29 motion for acquittal, an appellate court employs the same test it would in reviewing a claim that there was insufficient evidence presented to support a conviction. State v. Thompson (1998),127 Ohio App.3d 511, 525. Thus, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. See State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 7} R.C. 2903.11(A)(1) prohibits a person from knowingly causing another serious physical harm. R.C. 2901.01(A)(5) defines "serious physical harm to persons" as meaning any of the following:
 {¶ 8} "(a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;
 {¶ 9} "(b) Any physical harm that carries a substantial risk of death;
 {¶ 10} "(c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;
 {¶ 11} "(d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;
 {¶ 12} "(e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain."
 {¶ 13} The state presented evidence showing that Nipper hit and kicked Tammy at least 30 times. As a result of Nipper's attack, Tammy's upper and bottom lips were split open, her left ear was cut, there was a gash on her right cheek, she had two black eyes, her knees were skinned, and she had bruises all over her body. Tammy testified that she could not return to work for several days and that she had blood in her urine for some time after the attack.
 {¶ 14} Tammy's injuries fall within most, if not all, of the circumstances constituting serious physical harm. The fact that she chose not to seek medical attention for her injuries does not, under the circumstances present here, compel the conclusion that she did not suffer serious physical harm. Indeed, the state's photographs depicting Tammy's injuries establish beyond any reasonable doubt that Tammy sustained serious physical harm.
 {¶ 15} After viewing the evidence in a light most favorable to the state as we must for purposes of reviewing the denial of a Crim.R. 29 motion for acquittal, we conclude that the prosecution presented ample evidence that Tammy sustained serious physical harm as a result of Nipper's attacking her.
 {¶ 16} Nipper's first assignment of error is overruled.
Assignment of Error No. 2:
 {¶ 17} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT IN ENTERING A VERDICT OF GUILTY TO THE OFFENSE OF FELONIOUS ASSAULT AS THE VERDICT IS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 18} Nipper argues that his conviction on the felonious assault charge is against the manifest weight of the evidence. We disagree with this argument.
 {¶ 19} In determining whether a conviction is contrary to the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences that can be drawn from it, and consider the credibility of the witnesses to decide whether the jury clearly lost its way in resolving evidentiary conflicts and created such a manifest mis carriage of justice that its verdict must be reversed and a new trial ordered. State v. Thompkins, 78 Ohio St.3d 380,387, 1997-Ohio-52.
 {¶ 20} In support of his claim that his conviction for felonious assault is contrary to the manifest weight of the evidence, Nipper incorporates the arguments he made in support of his first assignment of error. Essentially, Nipper focuses on the fact that Tammy refused to seek medical treatment for her injuries. But that fact does not compel the conclusion that Tammy did not suffer serious medical harm. Instead, it simply shows that Tammy was unwise in not seeking medical treatment for her injuries. Moreover, Tammy had a plausible explanation for not seeking medical treatment: she was uncertain about where Nipper had taken her three children, and she wanted to remain in a place where her children could reach her if they tried to do so. It does not appear that the jury lost its way in sorting out any conflicts in the evidence presented, and there was ample evidence presented to establish each element of felonious assault.
 {¶ 21} Nipper's second assignment of error is overruled.
Assignment of Error No. 3:
 {¶ 22} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT IN FAILING TO INSTRUCT THE JURY ON ASSAULT AS A LESSER INCLUDED OFFENSE OF FELONIOUS ASSAULT."
 {¶ 23} Nipper argues that the trial court committed plain error by failing to instruct the jury sua sponte on the lesser included offense of assault because the evidence presented would have allowed a reasonable jury to convict him of that offense while acquitting him of the greater offense of felonious assault. In support of this argument, Nipper again cites the fact that Tammy did not seek medical treatment for her injuries. We find this argument unpersuasive.
 {¶ 24} R.C. 2903.13(A) prohibits a person from knowingly causing or attempting to cause physical harm to another. Assault, as defined in R.C. 2903.13(A), is a lesser included offense of felonious assault, as defined in R.C. 2903.11(A)(1). State v. Thrasher (Jan. 21, 1994), Clark App. Nos. 2996, 2997. However, a criminal defendant is entitled to a lesser included offense instruction only where the evidence warrants it.State v. Kidder (1987), 32 Ohio St.3d 279, 280. Such an instruction is required only if "the trier of fact could reasonably reject an affirmative defense and could reasonably find against the state and for the accused upon one or more of the elements of the crime charged, and for the state and against the accused on the remaining elements, which by themselves would sustain a con viction upon a lesser included offense." Id. at 282-283. "The persuasiveness of the evidence regarding the lesser included offense is irrelevant. If under any reasonable view of the evidence it is possible for the trier of fact to find the defendant not guilty of the greater offense and guilty of the lesser offense, the instruction on the lesser included offense must be given. The evidence must be considered in the light most favorable to defendant."
 {¶ 25} The issue in this case is complicated by the fact that Nipper did not request that the jury be instructed on the lesser included offense of assault. A criminal defendant's failure to raise a timely objection to jury instructions waives any error made in that regard except for plain error, i.e., but for the error, the outcome of the trial clearly would have been otherwise. State v. Underwood (1983),3 Ohio St.3d 12, syllabus. Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
 {¶ 26} In light of the evidence of Tammy's injuries, we conclude that a jury could not have reasonably concluded that Nipper was guilty only of the lesser included offense of assault, but not of the greater offense of felonious assault. While Tammy did not seek medical treatment for her injuries, it is, nonetheless, apparent from the state's photographs of her injuries that she sustained serious physical harm as a result of Nipper's attack. Therefore, Nipper was not entitled to an instruction on the lesser included offense of assault.
 {¶ 27} Nipper's third assignment of error is overruled.
Assignment of Error No. 4:
 {¶ 28} "THE DEFENDANT/APPELLANT WAS PREJUDICED AND DENIED DUE PROCESS OF LAW IN THAT HE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION 16 OF THE OHIO CONSTITUTION."
 {¶ 29} Nipper alleges that his trial counsel provided him with constitutionally ineffective assistance of counsel by failing to request a jury instruction on assault. However, Nipper was not entitled to a jury instruction on the offense of assault for the reasons set forth in our response to Nipper's third assignment of error. Consequently, his trial counsel's failure to request such an instruction cannot be deemed to have been a performance that fell below an objective standard of reasonableness. See State v. Bradley (1982), 42 Ohio St.3d 136.
 {¶ 30} Nipper's fourth assignment of error is overruled.
Assignment of Error No. 5:
 {¶ 31} "THE TRIAL COURT ERRS TO THE PREJUDICE OF THE DEFENDANT/APPELLANT BY IMPOSING THE MAXIMUM SENTENCE FOR FELONIOUS ASSAULT."
 {¶ 32} Nipper argues that the trial court abused its discretion and erred as a matter of law by imposing the maximum sentence against him. He asserts that he did not commit the worst form of felonious assault. We disagree with this argument.
 {¶ 33} A trial court may impose the maximum prison term on an offender only if it finds that the offender either committed the worst form of the offense or poses the greatest likelihood of committing future crimes. "There is no one worst form of an offense." State v. Boshko
(2000), 139 Ohio App.3d 827, 836. The trial court is not obligated to compare the defendant's conduct to some hypothetical, absolute worst form of the offense, but, instead, must consider the totality of the circumstances in determining whether the defendant committed the worst form of the offense. In considering the seriousness of the offender's conduct, the trial court must consider the list of factors specified in R.C. 2929.12(B), which include whether the victim suffered serious physical harm. See R.C. 2929.12(B)(1). In considering whether the offender is likely to commit future crimes, the trial court must consider the list of factors specified in R.C. 2929.12(D), which include whether the offender shows genuine remorse for the offense.
 {¶ 34} The trial court imposed the maximum sentence on Nipper after finding that he had committed the worst form of the offense and
that he posed the greatest likelihood of committing future crimes. On appeal, Nipper only challenges the trial court's finding that he had committed the worst form of the offense; he does not challenge the trial court's finding that he posed the greatest likelihood of committing future crimes. The trial court was permitted to impose the maximum sentence if it made either finding. See R.C. 2929.14(C). In any event, there is ample evidence in the record to support both of the trial court's findings.
 {¶ 35} Initially, the trial court found that Nipper struck Tammy from behind with a baseball bat. However, the evidence presented at trial showed that Nipper probably did not strike Tammy with the baseball bat. Tammy, herself, acknowledged that if Nipper had struck her with a baseball bat, her injuries would have been even worse.
 {¶ 36} Nevertheless, there was evidence to support the trial court's finding that Nipper inflicted serious physical harm on Tammy. Nipper "lied in wait" for Tammy on the night in question. He attacked Tammy, who is of small stature, from behind. There was evidence to show that Nipper knocked Tammy unconscious during the altercation. Tammy's and Nipper's three children were present during the course of the assault. We have already catalogued the various physical injuries Nipper inflicted on Tammy.
 {¶ 37} In support of his argument that he did not commit the worst form of the offense, Nipper again cites Tammy's failure to seek medical treatment for her injuries. However, Tammy's failure to seek medical treatment for the serious injuries that were inflicted upon her is insufficient to render Nipper's crimes something other than the worst form of the offense. Finally, there was evidence to indicate that Nipper "had a rather extensive prior criminal record[,]" and the trial court, who was in the best position to make the determination, found that Nipper "shows no remorse for his offense." Accordingly, there was ample evidence presented to support the trial court's findings that Nipper had committed the worst form of the offense, and that Nipper posed the greatest likelihood of committing future crimes.
 {¶ 38} Nipper's fifth assignment of error is overruled.
Assignment of Error No. 6:
 {¶ 39} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT WHEN IT OVERRULED HIS MOTION FOR A NEW TRIAL."
 {¶ 40} Nipper argues that the trial court erred or abused its discretion by overruling his motion for a new trial, which was predicated on his trial counsel's failure to request an instruction on the lesser included offense of assault. For the reasons outlined in our response to Nipper's third assignment of error, Nipper was not entitled to have such an instruction given. Consequently, the trial court cannot be said to have abused its discretion by failing to grant Nipper a new trial. SeeState v. Schiebel (1990), 55 Ohio St.3d 71 (the decision whether to grant a defendant's motion for a new trial is committed to the sound discretion of the trial court).
 {¶ 41} Nipper's sixth assignment of error is overruled.
 {¶ 42} The trial court's judgment is affirmed.
VALEN, P.J., and WALSH, J., concur.